UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOEL A. DYSON** | **CIVIL ACTION NO. 3:12-cv-3053** |
|     **LA. DOC # 568609** | |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **LARRY G. COX, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Joel A. Dyson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 6, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at East Baton Rouge Transitional Work Program.  When he filed this complaint he was incarcerated at the Madison Parish Corrections Center (MPCC). He complains that he was injured in a motor vehicle accident and thereafter denied appropriate follow-up treatment for injuries he sustained in the accident. He sued Madison Parish Sheriff Larry Cox, Corrections Officers Juan Lebrija and Cedric Richardson, Nurses Wanda Nolen and P. Billist, and Dr. T.A. Neuman.  He prayed for proper treatment and compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

## Background

On July 6, 2012, plaintiff was a passenger in the MPCC transport van en route to a dental

appointment. As the vehicle entered Bossier City on I-20 he claims it was traveling 15 miles per hour above the posted speed limit. At some point the vehicle's axle broke and the van crashed into the guardrail.  Plaintiff, who was shackled at the time, struck the metal partition inside the van and injured his left hip, his knees, his legs,  and lower back.

Immediately after the accident, plaintiff complained of pain; however, Corrections Officers Lebrija and Richardson advised plaintiff that he did not need medical care. (Plaintiff claims that the delay occasioned by their action could have resulted in further harm.) A Bossier Police officer arrived and he arranged for plaintiff to be taken to the LSU Medical Center in Shreveport by ambulance.  He was examined and treated and thereafter released with instructions to "follow up" at the hospital;  hydrocodone and Flexeril®[1] were prescribed.

Upon his return, plaintiff complained of pain in his hips, legs, knees, and back on 19 occasions between July 9 – November 15, 2012.  On November 15, plaintiff was taken to the hospital but he was not examined by a physician. Plaintiff was examined by a physician at MPCC (presumably Dr. Neuman), who continued providing Flexeril® but discontinued the hydrocodone. Plaintiff complained, to no avail, that the medication made him "sick."  According to plaintiff the physician advised MPCC staff to transfer plaintiff to another facility where he

---

[1] Hydrocodone is available only in combination with other ingredients, and different combination products are prescribed for different uses. Some hydrocodone products are used to relieve moderate to severe pain. Hydrocodone is in a class of medications called opiate (narcotic) analgesics. Hydrocodone relieves pain by changing the way the brain and nervous system respond to pain.  Flexeril® or cyclobenzaprine, is a muscle relaxant, used with rest, physical therapy, and other measures to relax muscles and relieve pain and discomfort caused by strains, sprains, and other muscle injuries. Medline Plus, A Service of the U.S. National Library of Medicine and National Institutes of Health; Drugs & Supplements.

See  http://www.nlm.nih.gov/medlineplus/druginformation.html

could obtain treatment, but they refused. Sometime prior to May 2, 2013, plaintiff was in fact transferred to his present place of confinement in East Baton Rouge Parish.

Plaintiff has retained an attorney to litigate his personal injury claims arising from the accident.

*Law and Analysis*

*1. Screening*

When an individual is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint adequately sets forth his claim for relief; further amendment is not necessary.

*2. Supervisory Defendants*

Plaintiff has sued Sheriff Larry Cox. With regard to his claims against the Sheriff, plaintiff is advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst.*

*Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).  Plaintiff has alleged neither personal involvement nor the implementation of unconstitutional policies with regard to Sheriff Cox and therefore his claims against this supervisory official should be dismissed for failing to state a claim for which relief may be granted.

*3. Negligence*

Plaintiff has also sued Corrections Officers Lebrija and Richardson.  However, it appears that he faults them for their negligence which resulted in the motor vehicle accident. "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir.1995) ("*Piotrowski I* ") (citation and internal quotations omitted).   Plaintiff's injury was the result of an accident that occurred when these two defendants were in the process of transporting plaintiff from the prison to a dental appointment. It appears that, at worst, plaintiff has alleged only negligence on their part; negligence cannot support a claim for damages under Section 1983.

*4. Medical Care*

The gravamen of plaintiff's complaint is that defendants Nurse Nolan, Nurse Billist, and Dr. Neuman denied him prompt and appropriate follow up medical care following his accident.  During the period in question, plaintiff was an inmate in the custody of the LDOC.  The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and

adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants identified in his pleadings.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 9, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE